**K. Michael Fandel**, OSB No. 040170
mike.fandel@millernash.com
**Katie M. Bennett**, OSB No. 221482
katie.bennett@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Telephone: 503.224.5858
Facsimile: 203.224.0155

Attorneys for Plaintiff
International Wood Products

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| INTERNATIONAL WOOD PRODUCTS, LLC, an Oregon limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CLG ENTERPRISES, INC., a Canadian corporation, <br><br> Defendant. | Case No. 3:24-cv-00331-JR <br><br> LETTERS ROGATORY REQUESTING JUDICIAL ASSISTANCE <br><br> U.S. Magistrate Judge Jolie A. Russo |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
<u>(LETTERS ROGATORY)</u>**

The Honorable Federal District Judge Jolie A. Russo of the United States District Court

for the District of Oregon, United States of America (the "Requesting Court") presents her

compliments to the Supreme Court of British Columbia and other judicial authorities of Canada

Page 1 -   Letters Rogatory Requesting Judicial Assistance

and requests its assistance in obtaining material and necessary evidence and oral testimony believed to be located British Columbia, Canada, as described below to be used in a civil proceeding that is pending before the Requesting Court in the above-captioned matter (the "U.S. Lawsuit").

The Requesting Court seeks the assistance of the Supreme Court of British Columbia in the interests of justice to assist with obtaining certain evidence related to the U.S. Lawsuit and respectfully provides the following information regarding the U.S. Lawsuit for the Supreme Court of British Columbia's consideration.

1. **THE REQUESTING COURT ISSUING THIS LETTERS ROGATORY:**

   The Honorable Jolie A. Russo, U.S. Magistrate Judge
   District Court of Oregon
   Mark O. Hatfield United States Courthouse
   Room 1027
   1000 SW Third Avenue
   Portland, Oregon 97204

2. **THE RECIPIENT AUTHORITY:**

   Supreme Court of British Columbia
   800 Smithe Street
   Vancouver, British Columbia V6Z 2E1
   Canada

3. **IDENTITIES AND ADDRESSES OF INDIVIDUALS TO BE EXAMINED:**

   Gary Cheng
   Interworld Development
   5407 Eglinton Street
   Burnaby, British Columbia V5G 2B4
   Canada

   Graham Picard
   Cactus Consulting
   15625 37A Ave. Surrey,
   Surrey, British Columbia V32 0H7
   Canada

Page 2 -    Letters Rogatory Requesting Judicial Assistance

4. **CASE NAME OF THE U.S. LAWSUIT AND IDENTIFYING CASE NUMBER:**

*International Wood Products LLC. v. CLG Enterprises, Inc.*, Case No. 3:24-cv-00331-JR, United States District Court for the District of Oregon, Portland Division (i.e., the "U.S. Lawsuit").

5. **U.S. LAWSUIT PARTIES AND THEIR ATTORNEY REPRESENTATIVES:**

   A. **Plaintiff:**

   International Wood Products, LLC

   Counsel:  Michael K. Fandel, Esq.
   Katherine M. Bennett, Esq.
   Miller Nash LLP Law Firm
   1140 SW Washington St, Ste 700
   Portland, OR 97205
   Telephone: 503.224.5858
   Facsimile: 203.224.0155

   B. **Defendants:**

   CLG Enterprises, Inc.

   Counsel:  Kathleen M. Bricken, Esq.
   Margaret S. Sholian, Esq.
   Foster Garvey PC Law Firm
   1140 SW Washington St, Ste 700
   Eleventh Floor
   121 SW Morrison Street
   Portland, OR 97204
   Telephone: 503.228.3939
   Facsimile: 503.226.0259

6. **A GENERAL SUMMARY OF THE FACTS:**

   A. **General Factual Background:**

   The U.S. Lawsuit arises out of a commercial dispute relating to the sale of certain wood products ("Products") manufactured by Interworld Development ("Interworld")

and sold to International Wood Products, LLC ("IWP") by CLG Enterprises, Inc. ("CLG") pursuant to a purchase and sale agreement between IWP and CLG.

IWP contends that it received defective Product from CLG that was manufactured by Interworld. CLG disputes IWP's claims. Gary Cheng ("Cheng") is the Executive Director of Interworld and is believed to be currently living and working in British Columbia, Canada at 5407 Eglinton St, Burnaby, British Columbia, Canada. Graham Picard ("Picard") was the broker who facilitated the sale of Product between IWP and CLG and is believed to be living and working in British Columbia, Canada at 15625 37A Ave Surrey, British Columbia, Canada. Cheng and Picard are not parties to the U.S. Lawsuit, but IWP contends they likely have relevant information and evidence in connection with the dispute with which it is concerned.

As alleged in the U.S. Lawsuit, on or about July 2022, IWP discovered defects in the Product. Specifically, when the Product got wet, it showed visible signs of swelling in the finger joints, causing both structural and aesthetic changes in the Product, including, but not limited to, delamination.

IWP immediately notified CLG that it had discovered these defects in the Product and rejected the remaining defective Product that IWP still had in its possession. Around this same time, Cheng, on behalf of Interworld, admitted that the Product defect occurred and that Interworld took responsibility for the defect. Despite this admission, CLG refused to accept IWP's return of the defective Product that remained in IWP's warehouse and refused to refund IWP for the amounts it paid for the defective Product. CLG disputes IWP's assertion that Cheng's admission demonstrates proof CLG delivered defective material or any wrongdoing by the Defendant.

IWP contends that Cheng and Picard were involved in many of the communications surrounding the defective Product. Based on discovery obtained to date, IWP contends that many of these communications occurred via email and phone, and possibly via other mobile applications as well.

### B. General Procedural History

IWP filed this lawsuit against CLG in the State of Oregon, Multnomah County on January 2, 2024. *See* **Exhibit A** to this Letter Rogatory. CLG removed this lawsuit to the United States District Court for the District of Oregon on February 22, 2024, and filed its Answer, Affirmative Defenses, and Counterclaim on February 29, 2024. *See* **Exhibit B** to this Letters Rogatory. The lawsuit remains pending in Portland, Oregon before the Requesting Court, and a trial date has not yet been set. The Requesting Court has issued a Protective Order in the U.S. Lawsuit, governing the confidentiality of certain documents. *See* **Exhibit C** to this Letters Rogatory. Any discovery obtained under this Letters Rogatory may be subject to this protective order. The parties' deadline to complete fact discovery is March 6, 2024.

### C. IWP's Attempts to Obtain Information from Interworld, Cheng, and Picard:

IWP contends that Cheng and Picard may have had communications with various representatives of IWP and CLG concerning the Product at issue and relevant to the disputes between the parties. Throughout the course of discovery, IWP inquired as to whether CLG would voluntarily facilitate third party discovery with Interworld, given its business relationship with the entity. CLG declined. IWP issued Requests for Production and Interrogatories to CLG to obtain relevant documents and communications between CLG, Gary Cheng, Interworld, and Graham Picard. IWP originally understood that

Interworld was located in in China. However, based on Interrogatories answered by CLG on December 10, 2024, IWP has evidence that Gary Cheng and Graham Picard are located in British Columbia, Canada.

Under the circumstances, the Requesting Court respectfully submits this Letters Rogatory to obtain the assistance of the Recipient Authority in compelling Cheng and Picard to produce the evidence set out in Sections 7 and 8, and to provide oral deposition testimony as requested in Section 9, below. The requested documents and oral deposition testimony will likely be used by Plaintiff IWP and Defendant CLG at the eventual trial in the U.S. Lawsuit.

**7.    EVIDENCE TO BE OBTAINED FROM CHENG**

IWP requests the following Documents from Cheng. The term "Documents" as described below is intended to mean all correspondence and communications between the referenced parties, including electronic communications that may have transpired through online communication platforms such as WhatsApp, Skype, Facebook, Viber, etc.

**A.** All Documents between Cheng and any representatives of CLG and IWP, including but not limited to Perry Lee, Seng Lee, and Danny Moe, identifying Product that Interworld manufactured for CLG to be sold and delivered to IWP, including purchase orders, invoices, bills of lading, shipping updates and expected delivery dates of the Product to IWP.  This request seeks Documents for the limited time period of January 1, 2022 - December 31, 2022.

**B.** All Documents between Cheng and representatives of CLG and IWP, including but not limited to Perry Lee, Seng Lee, and Danny Moe, identifying defects in the Product that Interworld manufactured for CLG to be sold and delivered to IWP

including but not limited to, any visible signs of swelling in the finger joints or other defects causing both structural and aesthetic changes in the Product. This request seeks Documents for the limited time period of January 1, 2022 - December 31, 2022.

C. All Documents between Cheng and representatives of IWP and CLG, including but not limited to Danny Moe, Perry Lee and Seng Lee relating to the inspection of the Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

D. All Documents between Cheng and Picard regarding the Product manufactured by Interworld for CLG to be sold and delivered to IWP. This request seeks Documents for the limited time period of January 1, 2022 - December 31, 2022.

E. All Documents relating to any warranty provided to CLG by Interworld for the Product manufactured for CLG to be sold and delivered to IWP. This request seeks Documents for the limited time period of January 1, 2022 - December 31, 2022.

F. All Documents relating to internal communications between Cheng and other representatives at Interworld, regarding the Product manufactured by Interworld for CLG to be sold and delivered to IWP. This request includes, but is not limited to, all Documents pertaining to the manufacturing process, external suppliers of wood for the Product, defects in the Product, inspection of the Product, and this Lawsuit. This request seeks Documents for the limited time period of January 1, 2022 - December 31, 2022.

G.  All Documents relating to complaints of defects from any customer who purchased finger-jointed, edge-glued, and primed exterior trim products manufactured by Interworld and sold to CLG between January 1, 2020, to the present.

8. **EVIDENCE TO BE OBTAINED FROM PICARD**

IWP requests the following Documents from Picard. The term "Documents" as described below is intended to mean all correspondence and communications between the referenced parties, including electronic communications that may have transpired through online communication platforms such as WhatsApp, Skype, Facebook, Viber, etc.

A.  All Documents between Picard and any representatives of CLG, IWP, and Interworld including but not limited to Gary Cheng, Perry Lee, Seng Lee, and Danny Moe, identifying Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022, including purchase orders, invoices, bills of lading, shipping updates and expected delivery dates of the Product to IWP.

B.  All Documents between Picard and representatives of Interworld, CLG and IWP, including but not limited to Gary Cheng, Perry Lee, Seng Lee, and Danny Moe, identifying defects in the Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022, including but not limited to, any visible signs of swelling in the finger joints or other defects causing both structural and aesthetic changes in the Product.

C.  All Documents between Picard and representatives of Interworld, IWP and CLG, including but not limited to Gary Cheng, Danny Moe, Perry Lee and Seng Lee

   relating to the inspection of the Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

 **D.** All Documents relating to any warranty provided to IWP by either CLG or Interworld for the Product manufactured by Interworld to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

 **E.** All Documents relating to complaints of defects from any customer who purchased finger-jointed, edge-glued, and primed exterior trim products either manufactured by Interworld or sold by CLG between January 1, 2020 to the present.

**9.** **SUBJECT-MATTER ABOUT WHICH THEY ARE TO BE EXAMINED**

 **A.** **Questions to be put to Cheng to be examined or statement of the subject matter about which they are to be examined.**

IWP seeks to compel Cheng to testify at an oral deposition regarding the below topics, at which time he would be questioned under oath by the attorneys who represent the parties in the U.S. Lawsuit. The deposition would occur via remote video teleconference such as Zoom, Microsoft Teams, or other online video platform. In accordance with United States Federal Rule of Civil Procedure 30, the deposition would be recorded and last no longer than 7 hours.

  1. All Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022, including purchase orders, invoices, bills of lading, shipping updates and expected delivery dates of the Product to IWP.

  2. All defects in the Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022, including but not limited to, any visible signs of swelling in the finger

Page 9 - Letters Rogatory Requesting Judicial Assistance

joints or other defects causing both structural and aesthetic changes in the Product.

3. All inspections of the Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

4. All documents and communications exchanged between Cheng and Picard regarding the Product manufactured by Interworld for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

5. All warranties provided to CLG by Interworld for the Product manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

6. All internal communications between Cheng and other representatives of Interworld regarding the Product manufactured by Interworld for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

7. All Documents relating to complaints of defects from any customer who purchased finger-jointed, edge-glued, and primed exterior trim products manufactured by Interworld and sold to CLG between January 1, 2020, to the present.

**B. Questions to be put to Picard to be examined or statement of the subject matter about which they are to be examined.**

IWP seeks permission to compel Picard to testify at an oral deposition regarding the topics below, at which time he would be questioned under oath by the attorneys who represent the parties in the U.S. Lawsuit. The deposition would occur via remote video teleconference such

as Zoom, Microsoft Teams, or other online video platform. In accordance with United States Federal Rule of Civil Procedure 30, the deposition would be recorded and last no longer than 7 hours.

1. All Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

2. All defects in the Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022, including but not limited to, any visible signs of swelling in the finger joints or other defects causing both structural and aesthetic changes in the Product.

3. All inspections of the Product that Interworld manufactured for CLG to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

4. All warranties provided to IWP by either CLG or Interworld for the Product manufactured by Interworld to be sold and delivered to IWP between January 1, 2022, and December 31, 2022.

5. All complaints of defects from any customer who purchased finger-jointed, edge-glued, and primed exterior trim products either manufactured by Interworld or sold by CLG between January 1, 2020, to the present.

**10. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Cheng and Picard may withhold production of documents under any privilege, protection or immunity applicable under the laws of the United States of America or Canada, including the attorney-client privilege or attorney work-product doctrine or their Canadian equivalents; so long

Page 11 -    Letters Rogatory Requesting Judicial Assistance

as, however, that they provide the following information with respect to each such document withheld: (a) the subject matter of the document; (b) the title, heading, or caption of the document, if any; (c) the identifying number, letter, or combination thereof, if any, and the significance or meaning of such number, letter or combination thereof; (d) the date appearing on the document or, if no date appears thereon, the date or approximate date on which the document was prepared; (e) the general nature or description of the document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages in the document; (f) the identity of each person who signed the document and, if it was not signed, the identity of each person who prepared it; (g) the identity of each person to whom the document was addressed and the identity of each person to whom a copy or blind copy thereof was sent; (h) the identity of each person who has custody of a copy of the document; and (i) the specific privilege or protection claimed.

11. **DATE BY WHICH THE REQUESTING COURT REQUIRES RECEIPT OF THE RESPONSES TO THE LETTERS ROGATORY**

    The Requesting Court requires receipt of the responses no later than March 31, 2025.

12. **PERSON TO WHOM THE RESPONSES TO THE LETTER OF REQUEST ARE TO BE RETURNED:**

    Michael K. Fandel, Esq.
    Katherine M. Bennett, Esq.
    Miller Nash LLP Law Firm
    1140 SW Washington St, Ste 700
    Telephone: 503.224.5858
    Facsimile: 203.224.0155

    Attorney for Plaintiff International Wood Products, Inc.

13. **RECIPROCITY:**

The Requesting Court submits this Letter Rogatory to the Recipient Authority in good faith and in the interests of justice, and pursuant to 28 U.S.C. §1782 is willing to provide similar assistance to the judicial authorities of the Recipient Authority.

14. **REIMBURSEMENT FOR COSTS:**

Plaintiff IWP will reimburse the judicial authorities of the Recipient Authority for all costs incurred in executing the Requesting Court's Letters Rogatory.

**DATE OF REQUEST:** February 19, 2025.

**SIGNATURE OF REQUESTING COURT:** *[signature]*

Hon. Jolie A. Russo
United States Magistrate Judge
United States District Court
District of Oregon
United States Courthouse
Room 1027
1000 SW Third Avenue
Portland, OR 97204

**SEAL OF REQUESTING COURT:**

## CLERK OF COURT AUTHENTICATION

I hereby certify that the Honorable Jolie A. Russo is a United States Magistrate Judge with the United States District Court for the District of Oregon, Portland Division, and that the signature above is a true and accurate original signature issued by Judge Jolie A. Russo on the date referenced above.

DATED: February 19, 2025

BY: _____
MELISSA AUBIN, CLERK OF COURT

SEAL:

## DISTRICT COURT AUTHENTICATION

I hereby certify that Melissa Aubin is the Clerk of Court for the United States District Court for the District of Oregon, and that the signature above is a true and accurate original signature issued by Clerk of Court Melissa Aubin on the date referenced above.

DATED: February 19, 2025

BY: _____
HONORABLE JOLIE A. RUSSO
UNITED STATES MAGISTRATE JUDGE