**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**INTERNATIONAL WOOD PRODUCTS, LLC,**

Plaintiff,

v.

**CLG ENTERPRISES,**

Defendant.

Case No. 24-cv-331-JR

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on November 17, 2025. Judge Russo recommended that this Court deny the motion for partial summary judgment filed by Defendant CLG Enterprises ("CLG") and grant the cross-motion for partial summary judgment filed by Plaintiff International Wood Products, LLC ("IWP"). Judge Russo also recommended that this Court deny Plaintiff's motion for leave to amend Plaintiff's claim alleging breach of implied warranty of fitness for a particular purpose but grant it in all other respects. Plaintiff did not file any objections. Defendant, however, timely filed objections, to which Plaintiff responded.

## STANDARDS

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). However, for dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1).

### A. Dispositive Matters

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

**B. Nondispositive Matters**

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

**DISCUSSION**

**A. Plaintiff's Motion to Amend**

A motion for leave to amend a complaint is a nondispositive motion. Therefore, the Court reviews any factual findings for clear error, and legal conclusions de novo.

**1. Legal Standards**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (alterations added, emphasis in original). When weighing the factors, all inferences should be made in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

When, however, a court enters a case scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, and a party requests to amend a pleading after the expiration of the

deadline set by the court, the party's request is controlled by Rule 16(b), not by Rule 15(a). *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Thus, the party requesting an amendment must first show "good cause" under Rule 16(b) and then show that its proposed amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608.

The Ninth Circuit has explained good cause under Rule 16(b) as follows:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* at 609 (citations omitted); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) ("While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b) ] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" (alterations in *In re W. States*) (quoting *Johnson*, 975 F.2d at 609)).

**2. Applicability of Rule 16**

Defendant objects that the F&R concluded improperly that Plaintiff's Motion to Amend was filed within the deadline set by the Court. Defendant argues that because Plaintiff's motion was filed after the October 7, 2024, deadline set in Judge Russo's May 20, 2024, Scheduling

Order, ECF 10, Plaintiff's amendment is untimely and Plaintiff should be required to demonstrate good cause under Rule 16. The Court need not reach this objection, however, because the F&R nonetheless found that Rule 16's good cause requirement was satisfied. As explained next, the Court agrees that Plaintiff has good cause under Rule 16; therefore, the Court declines to adopt the portion of the F&R discussing the timeliness of Plaintiff's amendment.

**3. Good Cause**

Defendant makes several objections to the F&R's conclusion that Plaintiff has good cause to amend its complaint under Rule 16. Defendant argues that Plaintiff lacks good cause for eliminating references to the "50-Year Warranty" in its proposed amended complaint ("PAC"), because the evidence Plaintiff cites to justify its amendment—an email exchange between Gary Cheng and Graham Picard (the "Cheng-Picard Email")—was produced back in December 2024, nine months before Plaintiff filed its motion for leave to amend. Additionally, Defendant challenges whether this evidence actually undermines the validity of the 50-Year Warranty.

As Judge Russo explained, "Rule 16(b)'s 'good cause' standard primarily considers the *diligence* of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (emphasis added). Defendant's argument regarding the relevance of the evidence does not go to Plaintiff's *diligence*; it instead challenges whether such an amendment is wise or necessary in light of the parties' previously shared position that the 50-Year Warranty is operative between the parties. Although Defendant is free to argue and present evidence that the 50-Year Warranty binds the parties in a later motion or at trial, this argument is not grounds to deny Plaintiff's motion for leave to amend under Rule 16.

Additionally, the record indicates that the nine months between when Plaintiff received the Cheng-Picard Email and when it filed its motion for leave to amend was not the product of "undue delay." Following receipt of the Cheng-Picard email in December 2024, Plaintiff

deposed Graham Picard four months later, a reasonable period for scheduling a deposition, particularly during the holiday season. Shortly after this deposition, the parties agreed to participate in a judicial settlement conference, which took place on June 4, 2025. After the settlement conference failed, Plaintiff sought to complete a deposition with Cheng because Picard had been unable to answer key questions regarding the Cheng-Picard email. When it became apparent that the deposition would be delayed for months, Plaintiff conferred with Defendant and then filed the motion to amend. Nothing in this timeline reflects undue delay.

Defendant also objects that the F&R failed to explain how the Picard deposition "cast[] any doubt on the Warranty." This objection misses the point—it is because Picard "was unable to provide any information" regarding the relationship between the parties implicated by the warranty that Plaintiff sought to depose Cheng before proposing to amend their complaint.

Further, the Court overrules Defendant's objection that Plaintiff failed to meet Rule 16's "diligence" requirement by waiting until after the parties' June 2025 settlement conference to request a hearing with the Canadian courts regarding a deposition of Mr. Cheng. It was not unreasonable for Plaintiff to pause its efforts to depose Mr. Cheng while pursuing settlement with Defendant. *See, e.g.*, *Story v. Midland Funding LLC*, 2016 WL 5868077, at *3 (D. Or. Oct. 7, 2016) ("Delay based on attempts to avoid unnecessary time and expense, such as pursuing settlement and avoiding unnecessary motions practice, is consistent with diligence." (quotation marks omitted)).

Finally, Defendant's opinion that a deposition of Mr. Cheng would not provide any relevant information regarding the 50-Year Warranty is speculative and irrelevant to the diligence inquiry. The Court therefore finds Defendant's objections here without merit and adopts, as supplemented herein, the F&R's analysis of good cause under Rule 16.

**4. Bad Faith**

Defendant makes several objections to the F&R's conclusion that Plaintiff's proposed amendments are not made in bad faith. Defendant argues that the PAC's elimination of references to the 50-Year Warranty is "frivolous" in light of the parties' previous agreement that the 50-Year Warranty would apply to this dispute. Once again, however, Defendant's disagreement with the content of the PAC is not reason for the Court to deny Plaintiff's motion for leave to amend. The Court overrules this objection because it does not appear that Plaintiff's decision to abandon its claims under the 50-Year Warranty "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when a complaint is "frivolous").

Defendant also argues that, because Plaintiff owns the trademark for "Forest Trim," it is frivolous for the PAC to allege that Defendant agreed to sell "Forest Trim" to Plaintiff. The Court disagrees. Although the record reflects that Plaintiff is the trademark owner of "a stylized font spelling out the word 'Forest' and the word 'Trim' with a silhouette of a tree between the two words," ECF 77-4, Plaintiff's ownership of that trademark would not preclude Defendant from agreeing to manufacture a product for Plaintiff that it would later resell under the name "Forest Trim." Given the fact that the "Purchase and Sale Agreement" states explicitly that "CLG and IWP have entered into Purchase Order Agreements . . . for the provision of lumber, *including Forest Trim*, by CLG to IWP," Compl., Ex. A (ECF 1 at 17) (emphasis added), it is a reasonable inference at this stage of the litigation that the parties used the term "Forest Trim" to refer to a product of agreed upon specifications that Plaintiff would later resell under its trademarked name. Therefore, Defendant's repeated objections to the PAC's use of the term "Forest Trim" are overruled.

The Court therefore finds Defendant's objections on these issues without merit. The Court adopts, as supplemented herein, the portion of the F&R analyzing bad faith.

**5. Prejudice**

Defendant objects that the F&R fails properly to analyze prejudice because it does not address the fact that Plaintiff's delay in seeking amendment "is nearly three years in the making." For the same reasons the Court finds that Plaintiff has satisfied Rule 16's diligence requirement, the Court overrules this objection.

Second, Defendant objects that the PAC would "radically alter the nature of this litigation." Defendant's objection is at odds with their acknowledgment that "all four of Plaintiff's claims have always centered around a singular theory, *i.e.* alleged sub-quality product sold by CLG." Although the PAC no longer alleges breach of the 50-Year Warranty, its allegations continue to center around this "singular theory." Therefore, the Court agrees with Judge Russo that any additional discovery CLG may seek to complete in light of the PAC "appears relatively minimal given that the original complaint was also based on the [Purchase and Sale Agreement] and [the Purchase Order Agreements] and involved very similar claims." ECF 82 at 9. Any additional discovery Defendant may wish to complete regarding the agreed product specifications is not burdensome enough to constitute "undue prejudice" to Defendant.

Finally, the Court finds unpersuasive Defendant's argument that allowing amendment will mean that CLG will have "wast[ed]" fees and costs on discovery related to the 50-Year Warranty. If Defendant believes that the 50-Year Warranty governs this dispute, they remain free to assert as much in response to the allegations in the PAC and rely on the related evidence at summary judgment or trial.

The Court therefore finds Defendant's objections on this matter without merit. The Court adopts, as supplemented herein, the F&R's discussion of undue prejudice.

**6. Futility**

Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))). If the underlying facts or circumstances possibly could "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see, e.g.*, *Miller*, 845 F.2d at 214, although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Barber v. Select Rehab., LLC*, 2019 WL 2028519, at *1 (D. Or. May 8, 2019) (quotation marks omitted).

Defendant objects to Judge Russo's finding that Plaintiff's proposed amendments would not be futile. The Court addresses the futility issue for each claim below.

**a. Breach of Contract**

Under Oregon law, a party must show the following to succeed on a breach of contract claim: "1) the existence of a contract; 2) the relevant contract terms; 3) that the [claimant] fully performed and did not breach the contract; and 4) that the [opposing party] breached the contract terms resulting in damage to the [claimant]." *Matchniff v. Great Nw. Ins. Co.*, 224 F. Supp. 3d

1119, 1124 (D. Or. 2016) (citing *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996)).

Defendant objects that the F&R fails to specifically identify which contract between the parties was breached. The F&R, however, identifies the Purchase and Sale Agreement ("PSA") as the relevant contract, describing the allegations relating to the PSA that meet the elements of a breach of contract claim. The Court also overrules this objection on the grounds that the PAC adequately alleges an agreement between Plaintiff and Defendant and its terms. *See* PAC ¶ 7 (ECF 65-1) ("Based on CLG's representations and agreement for the sale and import of high-quality Forest Trim, IWP entered into an agreement with CLG for the sale and delivery of Forest Trim from October 2021 through December 2021 via 32 purchase orders agreements ('POA') . . . ."); *id.* ¶ 8 ("In April 2022, IWP entered into a Purchase and Sale Agreement ('PSA') with CLG which governed ten existing POAs, as well as all future POAs placed by IWP 'for the provision of lumber, including Forest Trim, by CLG to IWP . . . .'").

Defendant also objects that the F&R failed to identify a specific obligation alleged to have been breached in the PAC. The F&R, however, identifies that the PAC alleges that "defendant committed breach by failing to deliver quality Forest Trim in compliance with the parties' agreement." ECF 82 at 10 (quotation marks omitted). With regard to breach, the PAC continues, alleging: "Instead, CLG delivered defective Forest Trim that was damaged, unsaleable, and unusable to IWP and its customers." PAC ¶ 20. The Court finds these allegations are "sufficient to put Defendant on notice and to give rise to a plausible claim for breach of contract." *Tibbets v. Athene Annuity & Life Assurance Co. of New York*, 2020 WL 129093, at *3 (D. Or. Jan. 10, 2020).

**b. Express Warranty**

Under Oregon law, express warranties can be created in three ways:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Or. Rev. Stat. § 72.3130(1).

Defendant objects that the F&R failed to recognize that, under § 72.3130(1)(c), an express warranty can only be created via sample or model when such sample or model is provided by the *seller*, not the buyer. This objection mischaracterizes the F&R. Judge Russo did not single out § 72.3130(1)(c), but more generally found that Defendant plausibly "created an express warranty by confirming the Forest Trim purchased would match the specifications for Forest Trim—i.e., that it would be a 'high quality primer finger jointed edged glued exterior trim product' matching the stock samples provided by plaintiff to defendant." ECF 82 at 11 (cleaned up). The Court agrees. Regardless of whether the "stock sample" itself would be sufficient to create an express warranty under § 72.3130(1)(c), the Court finds that Plaintiff has adequately alleged that Defendant made an "affirmation of fact or promise . . . relat[ing] to the goods [that became] part of the basis of the bargain," satisfying the requirements of § 72.3130(1)(a).[1]

[1] *Barton v. Tra-Mo*, 69 Or. App. 295, 298 (1984), suggests that § 72.3130(1)(c) applies to create an express warranty when there has been no "verbal representations made by a seller." *See id.* ("Warranties under the sales provisions of the commercial transactions statutes . . . are not limited to verbal representations made by a seller, but *extend* to samples or models exhibited by a seller as a representation of what he is selling, which the code recognizes as symbolic statements that create express warranties when they are made part of the basis of the bargain between the buyer and the seller." (emphasis added)). Situations where there have been verbal or written representations by the seller are separately discussed in §§ 72.3130(1)(a) and (c).

Defendant also objects that the PAC fails to allege adequate facts pertaining to the "specifications" of the product at issue, and how Defendant failed to conform to those specifications. The Court disagrees. The PAC adequately alleges that "Forest Trim" is "a high quality primed finger jointed edged glued exterior trim product," that should be "able to withstand shipment to and installation at locations in the Pacific Northwest, including in a wet climate." PAC ¶¶ 5-6. The PAC further alleges that Defendant's agent "had a unique understanding of IWP's successful Forest Trim product specifications" and that "CLG confirmed it would be able to match the specifications and high quality" of a sample of Forest Trim Plaintiff sent to Defendant. *Id.* ¶¶ 6-7. As for Defendant's alleged failure to conform, the PAC alleges that "the Forest Trim delivered to IWP showed visible signs of swelling in the finger joints when exposed to moisture previously, by ambient air or otherwise, causing both structural and aesthetic changes in the Forest Trim, including, but not limited to delamination." *Id.* ¶ 25.

**c. Implied Warranty of Merchantability**

Defendant objects that the F&R's failure to find futile Plaintiff's claim for breach of the implied warranty of merchantability conflicts with the F&R's judicial notice of the 50-Year Warranty, which disclaims implied warranties. *See* ECF 52 at 3. In discussing Defendant's request for judicial notice, Judge Russo stated that the 50-Year Warranty was "appropriately considered at this stage in the proceeding to the extent relevant." ECF 82 at 5 n.2. The Court now clarifies the extent to which the 50-Year Warranty is appropriately considered, if at all.

Generally, courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Court may, however, consider documents outside of and not attached to the complaint when the document is either (1) one "which a court may take judicial notice" under Federal Rule of Evidence 201; or (2) is

"incorporated into the complaint by reference." *Louisiana Mun. Police Emps.' Retirement Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Rule 201 permits the Court to "judicially notice a fact that is not subject to reasonable dispute" because it either "is generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even if a "document itself is susceptible to judicial notice," that "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Where the contents of a document are "subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes," judicial notice is inappropriate. *Id.* (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)).

Although Plaintiff has not contested the *authenticity* of the 50-Year Warranty document offered by Defendant, it does dispute its *validity* to bind the parties. *See* ECF 64 at 5-7. Therefore, to the extent the 50-Year Warranty is fit for judicial notice at all, the scope of such notice would be restricted to the existence of the document and the existence of each of its terms. Judicial notice of this variety would not render futile a claim for breach of implied warranty because Plaintiff would remain free to argue that the 50-Year Warranty or its disclaimer of implied warranties is invalid or unenforceable. Thus, Defendant's objection is overruled.

Defendant also objects that the F&R is inconsistent with Oregon law on the implied warranty of merchantability, arguing that under *Valley Iron & Steel Co. v. Thorin*, 278 Or. 103, 108 n.5 (1977) (en banc), "there can be no implied warranties when the product is manufactured in accordance with specifications." ECF 88 at 23. In *Valley Iron*, however, the Oregon Supreme Court made the narrower observation that "where the seller possesses *no degree* of discretion so

as to warrant his or her expertise; e.g. where the product is manufactured *strictly* in accordance with buyer specifications, there may be no implied warranties." 278 Or. at 108 fn. 5 (emphasis added); *see also id.* at 107-09 (concluding that the implied warranty of merchantability breached where "custom-made" metal castings, over whose composition the seller retained some discretion, were not fit for their "intended use").

Plaintiff alleges that Defendant had discretion in meeting its contractual obligations to Plaintiff. *See* ECF 93 at 17 ("CLG retained discretion over the specific type of wood product used to meet [IWP's] specifications . . . ."). That suffices at this stage of the litigation. The degree to which Defendant possessed discretion may be a fact about which the parties have a material dispute, but such a dispute of fact is not appropriate in considering futility, which is governed by the Rule 12(b)(6) standard.

#### d. Conclusion

For all of these reasons, the Court adopts, as supplemented herein, the F&R's analysis on futility.

### B. Plaintiff's Cross-Motion for Partial Summary Judgment

Plaintiff cross-moved for partial summary judgment on whether attorney's fees are available to the prevailing party of this lawsuit. Defendant objects to the F&R's recommendation that the Court grant Plaintiff's cross-motion.[2] Defendant objects that the F&R improperly looks to the PAC rather than Plaintiff's original complaint and makes the "conclusory statement" that

[2] Judge Russo also recommended that the Court deny Defendant's motion for partial summary judgment. Defendant did not object to this recommendation. The Court agrees with, and adopts in full, the F&R's analysis on why Defendant's motion for partial summary judgment should be denied.

attorney's fees are recoverable "in association with litigating any dispute that, like the present dispute, arises under or relates to this PSA." ECF 82 at 16 (cleaned up).

The PSA states that

> CLG and IWP have entered into Purchase Order Agreements ("POAs") for the provision of lumber, including Forest Trim, by CLG to IWP ("Lumber"). . . . The Parties intend to enter into additional POAs in the future, and agree that the terms and conditions of all POAs, including the Existing POAs will be governed by the terms specified herein. The Parties agree that the terms contained herein will control to the extent they conflict with any terms and conditions in the Existing or future POAs.

ECF 65-1 at 11. The PSA further provides that "the prevailing Party" in "[a]ny dispute arising under or related to this PSA" shall "be entitled to its reasonable attorney fees and costs." ECF 65-1 at 11.

The Court agrees with the F&R that the PSA is unambiguous and finds that the present dispute between IWP and CLG clearly "aris[es] under or relate[s] to this PSA." Additionally, the Court disagrees with Defendant's statement that it would be premature to grant Plaintiff's motion for partial summary judgment without allowing Defendant time for additional discovery. Because all claims alleged by Plaintiff (as stated in both the original complaint and the PAC) arise out of Defendant's alleged sale of sub-quality Forest Trim to Plaintiff, no amount of additional discovery will alter the fact that the present dispute "relate[s] to" the PSA. Therefore, the Court adopts the F&R's conclusion, as supplemented herein, and grants Plaintiff's motion for partial summary judgment.[3]

---

[3] If Plaintiff were to add a claim in the future that does not relate to the PSA, this ruling would not implicate such a new claim. This ruling applies only to the present dispute. In addition, if new evidence is discovered that would support reconsideration of this ruling, Defendant may file such a motion.

**C. Portions of the F&R to which no Objection was Raised**

There are many portions of the F&R to which no party objected. For those portions, unless otherwise discussed above, the Court follows the recommendation of the Advisory Committee and reviews Judge Russo's F&R for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts those portions of the F&R.

**CONCLUSION**

The Court ADOPTS IN PART Judge Russo's Findings and Recommendation, ECF 82, as set forth herein. The Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Leave to File Amended Complaint/Petition. ECF 64. The Court denies the motion as to the breach of implied warranty of fitness for a particular purpose claim but grants the motion in all other respects. The Court DENIES Defendant's Motion for Partial Summary Judgment. ECF 51. The Court GRANTS Plaintiff's Cross-Motion for Partial Summary Judgment. ECF 58.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge